UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE J. HOLLIDAY, III,

    Plaintiff,

v.                                         Case No.: 8:17-cv-2063-T-33AEP

LLOYD'S, UNDERWRITERS AT, LONDON,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant Lloyd's, Underwriters at, London's Motion to Dismiss (Doc. # 25), filed on December 5, 2017. Plaintiff Clyde J. Holliday, III, responded on December 26, 2017. (Doc. # 34). For the reasons that follow, the Motion is granted and the Second Amended Complaint is dismissed with leave to amend.

**I.   Background**

    On August 29, 2017, Holliday filed his Complaint against Defendant Lloyds Syndicate 3000 at Lloyds, London. (Doc. # 1). The Complaint was "a filled-in form provided by the Clerk's Office with only a single sentence outlining the basis and nature of Holliday's claim." (Doc. # 3 at 4). The Court dismissed the Complaint as "a shotgun pleading to which Defendant cannot be expected to respond" because it was

1

"unclear what causes of action [were] being asserted and the factual basis for those claims." (Id. at 5). The Court advised that, "[i]f Holliday wishes to assert more than one cause of action, he must separate and clearly label those claims." (Id. at 4).

Holliday filed his Amended Complaint on October 2, 2017, naming "Lloyd's, Underwriters at, London" as the sole defendant. (Doc. # 9). Again, Holliday's statement of his claim was a single sentence: "This action is being brought to recover monies owing to Plaintiff resulting from the finalization of account under Lloyd's Line Slip #8565100 evidenced by the attached exhibit #1 ref: IBSL Settlement Box — Premiums Resulting in an Overall Return Premium which remains unpaid." (Id. at 4). The Court dismissed the Amended Complaint with leave to amend on October 11, 2017, advising Holliday to "clearly identify the cause of action he is asserting" and to "include details about his relationship with Lloyd's Underwriters at London and the alleged misconduct." (Doc. # 9).

Holliday then filed the Second Amended Complaint against "Lloyd's, Underwriters at, London" on October 25, 2017. (Doc. # 12). The Second Amended Complaint asserts four counts, entitled "Breach of Agreement," "Computer Records Theft,"

"Concealment of Records and Fraud," and "False Reporting and Slander." (Id.). Holliday alleges he was a "surplus lines licensed [insurance] agent" through "BMS Special Risk Services, a London Broking Firm" until October of 2008. (Id. at 3). At that time, Lloyd's "cancell[ed] the surplus lines agent's authority to sell policies of insurance" without cause, causing Holliday to lose business. (Id.). Lloyd's also allegedly illegally removed and transferred Holliday's proprietary client files from his computer and continued to deny Holliday access to these "proprietary client files and accounting information." (Id. at 3-4). Finally, Lloyd's allegedly slandered Holliday through its "false and malicious reporting of a felony . . . for which [Holliday] was arrested and indicted by the Polk County State Attorney" but which was dismissed two or three years later because Holliday was able to exonerate himself. (Id. at 4).

On December 5, 2017, Lloyd's moved to dismiss the Second Amended Complaint. (Doc. # 25). Holliday has responded, (Doc. # 34), and the Motion is now ripe for review.

## II. Legal Standard

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir.

3

2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and

attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). In factual attacks, the Court delves into the arguments asserted by the parties and the credibility of the evidence presented. Garcia v. Copenhaver, Bell, & Assocs., 104 F.3d 1256, 1260–61 (11th Cir. 1997). "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits." Morrison, 323 F.3d at 925.

**III. Analysis**

    **A. The Second Amended Complaint Fails to Establish a Basis for the Court's Exercise of Jurisdiction**

First, Lloyd's argues that Holliday has failed to establish that this Court may properly exercise its diversity jurisdiction. (Doc. # 25 at 8-9). Although Holliday insists that he has named Lloyd's and "Syndicate 3000" at Lloyd's as defendants (Doc. # 34 at 6), the Second Amended Complaint only names "Lloyd's, Underwriters at, London" as a defendant.

5

(Doc. # 12 at 1-2). Thus, Lloyd's is the only defendant in this action and is the only entity to be considered in determining whether this Court has diversity jurisdiction. The Second Amended Complaint alleges that Lloyd's is a citizen of New York only. (Id. at 2). But, Lloyd's has attached an affidavit by Peter David Spires, explaining that "Lloyd's, Underwriters at, London" is not a legal entity at all. (Doc. # 25 at 7; Doc. # 25-1 at ¶ 3). And, Lloyd's explains that, not only is it not a legal entity that could have acted against Holliday, but it also "lacks any citizenship at all." (Doc. # 25 at 9).

There is a legal entity called "the Corporation at Lloyd's," which Holliday may have intended to sue. The Corporation at Lloyd's "is not an insurance company" but rather "regulates and provides premises and other support services to a unique and complex international insurance market." (Doc. # 25-1 at ¶¶ 2, 5-6, 9-10); see Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1081 (11th Cir. 2010)(describing "Lloyd's of London" as an "international insurance marketplace"). Various "Underwriters," or syndicates, located at Lloyd's actually sell insurance policies and engage in commercial transactions. (Doc. # 25-1 at ¶ 7). Thus, according to

Lloyd's, Holliday should have sued and alleged the citizenships of "the person(s) or entity or entities with whom [Holliday] allegedly had contractual agreements for the sale of insurance." (Doc. # 25 at 10); see also Underwriters at Lloyd's, London, 613 F.3d at 1088 ("The Lloyd's syndicates . . ., classed as 'Underwriters,' fall squarely within the class of unincorporated associations for which the pleading of every member's citizenship is essential to establishing diversity jurisdiction.").

Because Holliday has incorrectly relied on the supposed New York citizenship of Lloyd's to establish this Court's diversity jurisdiction, Lloyd's reasons that the Second Amended Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. # 25 at 9). The Court agrees that Holliday has not sufficiently alleged a basis for the Court's diversity jurisdiction, given the affidavit establishing that "Lloyd's, Underwriters at, London" is not a legal entity with New York citizenship as the Second Amended Complaint claims.

Furthermore, although the Second Amended Complaint explicitly relies on this Court's exercise of diversity jurisdiction, it is possible Holliday was also attempting to invoke the Court's federal question jurisdiction. In Count 2

7

for "Computer Records Theft," Holliday alleges the theft was a "violation of Federal Law." (Doc. # 12 at 3). To be sure, a passing reference to federal law is insufficient to establish this Court's federal question jurisdiction. See Reed v. U.S. Bank Nat'l Ass'n, No. 8:17-cv-1051-T-33AEP, 2017 WL 2001998, at *1 (M.D. Fla. May 11, 2017)("The mere mention of a federal statute in a complaint does not create federal question jurisdiction." (citing Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994)). Holliday fails to clearly allege that Count 2 is brought under federal law and does not identify the statute creating the cause of action.

Therefore, the Second Amended Complaint does not sufficiently allege a basis for this Court's exercise of diversity jurisdiction or federal question jurisdiction. Accordingly, the Second Amended Complaint is dismissed under Rule 12(b)(1).

### B. The Court Grants Leave to Amend

Lloyd's argues that amendment would be futile because all of Holliday's claims are time-barred on the face of the Second Amended Complaint. (Doc. # 25 at 10-11). "A statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in their complaint.'" La Grasta v. First Union

Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)(citation omitted). Dismissal under Rule 12(b)(6) on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." Id. (citation omitted).

Upon review, the Court agrees that the claims appear time-barred as pled. For example, in Count 1, Holliday alleges Lloyd's breached its contract with him in 2008 by terminating Holliday's ability to sell insurance. But the statute of limitations for breach of contract claims is five years. See Fla. Stat. § 95.11(2)(b) (setting a five-year limitations period for "[a] legal or equitable action on a contract, obligation, or liability founded on a written instrument").

In his response, Holliday argues that the discovery rule applies to his claims and that he did not discover the unlawful conduct until 2013. (Doc. # 34 at 6-7). Because Holliday acknowledges he is relying on the discovery rule to avoid dismissal, the Second Amended Complaint should have included allegations supporting the application of the discovery rule to toll the statute of limitations. See Heuer v. Nissan N. Am., Inc., No. CV 17-60018-CIV, 2017 WL 3475063, at *4 (S.D. Fla. Aug. 11, 2017)("When the time-bar is apparent from the face of the complaint, the plaintiff bears the burden

of pleading allegations sufficient to toll the statute of limitations."); Patel v. Diplomat 1419VA Hotels, LLC, 605 F. App'x 965, 966 (11th Cir. 2015)(applying La Grasta and finding that, where the dates included in the complaint made the time-bar apparent, plaintiff did not plead facts sufficient to plausibly allege tolling of the statute of limitations).

Nevertheless, in light of Holliday's pro se status, the Court determines that Holliday should be given one final opportunity to replead his claims, including allegations regarding when the unlawful conduct allegedly occurred and when Holliday discovered (or should have discovered) that conduct.

**IV. Conclusion**

Holliday must file his Third Amended Complaint by **January 18, 2018**, failing which the case will be dismissed and closed without further notice. The Court emphasizes that Holliday should carefully name proper defendants to this action and should assert a basis for the Court's exercise of jurisdiction. If he wishes to invoke this Court's diversity jurisdiction, Holliday must properly allege the citizenships of every defendant, such as by alleging the citizenships of every member of a defendant syndicate. Holliday should explicitly identify whether each claim is brought under state

or federal law, and should identify the common law cause of action or statute under which each count arises. Finally, if Holliday continues to rely on the discovery rule, he must plead supporting allegations sufficient to toll the statute of limitations.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Lloyd's, Underwriters at, London's Motion to Dismiss (Doc. # 25) is **GRANTED** to the extent the Second Amended Complaint is dismissed with leave to amend.

(2) Holliday may file a Third Amended Complaint by **January 18, 2018**, failing which the case will be dismissed and closed without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of December, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE