UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE J. HOLLIDAY, III,

    Plaintiff,

v.                                      Case No.: 8:17-cv-2063-T-33AEP

SYNDICATE 3000 at LLOYD'S,
UNDERWRITERS AT, LONDON,
and their appointees, assigns,
and affiliates,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court pursuant to Defendant Markel Syndicate 3000's Motion to Dismiss the Third Amended Complaint (Doc. # 42), filed on April 26, 2018. Pro se Plaintiff Clyde J. Holliday, III, responded on May 11, 2018. (Doc. # 47). For the reasons that follow, the Motion is granted and the case is dismissed.

**I.    Background**

    On August 29, 2017, Holliday filed his Complaint against Defendant Lloyds Syndicate 3000 at Lloyds, London. (Doc. # 1). The Complaint was "a filled-in form provided by the Clerk's Office with only a single sentence outlining the basis and nature of Holliday's claim." (Doc. # 3 at 4). The Court dismissed the Complaint as "a shotgun pleading to which

1

Defendant cannot be expected to respond" because it was "unclear what causes of action [were] being asserted and the factual basis for those claims." (Id. at 5). Holliday then filed his Amended Complaint on October 2, 2017, naming "Lloyd's, Underwriters at, London" as the sole defendant. (Doc. # 9). Again, Holliday's statement of his claim was a single sentence, so the Court dismissed the Amended Complaint with leave to amend on October 11, 2017. (Doc. # 9).

Holliday then filed the Second Amended Complaint against "Lloyd's, Underwriters at, London" on October 25, 2017. (Doc. # 12). The Second Amended Complaint asserted four counts, entitled "Breach of Agreement," "Computer Records Theft," "Concealment of Records and Fraud," and "False Reporting and Slander." (Id.). Lloyd's moved to dismiss the Second Amended Complaint, (Doc. # 25), and the Court granted the motion on December 28, 2017. (Doc. # 35). The Court noted that Lloyd's Underwriters at London is merely an "international insurance market," and that individual syndicates at Lloyd's actually do the business of selling insurance. (Id. at 6). Additionally, in granting leave to amend, the Court explained that "the claims appear time-barred as pled" and that Holliday needed to plead "allegations supporting the application of

2

the discovery rule to toll the statute of limitations" rather than baldly asserting the discovery rule applied. (Id. at 9).

Subsequently, Holliday filed his Third Amended Complaint, asserting the same four counts, "Breach of Agreement," "Computer Records Theft," "Concealment of Records and Fraud," and "False Reporting and Slander," against "Syndicate 3000 at Lloyd's, Underwriters at London and their appointees, assigns, and affiliates." (Doc. # 36). The Third Amended Complaint clarifies that "Syndicate 3000" is, in fact, Markel Syndicate 3000. (Id. at 1). Holliday alleges he was a "licensed surplus lines [insurance] agent" working in Florida until October of 2008. (Id. at 3). At that time, Markel Syndicate 3000 "terminat[ed] the surplus lines agent's authority to quote, and sell policies of insurance" without cause, causing Holliday to lose business. (Id. at 5, 8-9). Finally, Markel Syndicate 3000 allegedly slandered Holliday through its "false and malicious reporting of a felony . . . for which [Holliday and his son] were arrested and indicted with a First Degree Felony by the Polk County State Attorney." (Id. at 7-8). Those charges were dismissed three years later. (Id. at 8).

Regarding the statute of limitations, the Third Amended Complaint states that Holliday's claims are "not time barred

as Florida Statutes specifically state that where a 'person having a right to possession of property makes a demand for its return, and the property is not relinquished a wrongful conversion of funds has occurred." (Id. at 6-7). Holliday alleges that the statute of limitations period for his claims is "12 years from the date of discovery." (Id. at 7).

As the Court had previously done (Doc. ## 5, 10), on March 26, 2018, the Court reminded Holliday of his responsibility to properly serve Syndicate 3000 in the manner prescribed by Federal Rule of Civil Procedure 4. (Doc. # 37). At Holliday's request, the Court later granted an extension of time "to serve Syndicate 3000 at Lloyd's, Underwriters at London, with a summons and a copy of the Third Amended Complaint as required by Federal Rule of Civil Procedure 4." (Doc. # 39). The Court again advised Holliday "to familiarize himself with the service requirements of Rule 4." (Id.).

Markel Syndicate 3000 filed its Motion to Dismiss the Third Amended Complaint on April 26, 2018, arguing that it was improperly served and that Holliday's claims are time-barred. (Doc. # 42). Holliday has responded, (Doc. # 47), and the Motion is ripe for review.

## II. Legal Standard

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But, "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas County, 587 F. App'x 593, 595 (11th Cir. 2014).

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true

a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Additionally, "[i]n the context of a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), 'the defendant first bears the burden of producing affidavits that, in nonconclusory fashion, demonstrate the absence of jurisdiction' over the defendant." In re Trasylol Prod. Liab. Litig., No. 08-MD-01928, 2011 WL 830287, at *4 (S.D. Fla. Mar. 8, 2011)(quoting Lowdon PTY Ltd. v. Westminster Ceramics, LLC, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008)). "If the defendant meets this burden, the burden shifts to the plaintiff to 'establish a prima facie case of jurisdiction' over the defendant sufficient to withstand a motion for a directed verdict." In re Trasylol Prod. Liab. Litig., 2011 WL 830287, at *4 (quoting Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)). "If the plaintiff presents countering evidence, the court must construe all reasonable inferences in favor of the plaintiff." Lowdon, 534 F. Supp. 2d at 1360 (citation and internal quotation marks omitted). "The same burden applies in the context of motions to dismiss for

insufficient service of process under Rule 12(b)(5)." In re Trasylol Prod. Liab. Litig., 2011 WL 830287, at *5.

**III. Analysis**

Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Furthermore, a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Id. If a defendant is not properly served within the time limit for service, "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). A defendant may assert the defense of insufficient service of process by way of a pre-answer motion. Fed. R. Civ. P. 12(b)(5).

Markel Syndicate 3000 has done just that. According to Markel Syndicate 3000, Holliday failed to serve it with a summons. (Doc. # 42 at 1-2). Markel Syndicate 3000 has

provided the affidavit of Barbara Demosthene, an attorney at the law firm designated as agent of service for Markel Syndicate 3000. (Doc. # 42-1). In her affidavit, Demosthene explains that her firm "received a Notice of Service of Process from the Florida Chief Financial Officer concerning" this case on April 6, 2018. (Id. at 1). She further avers: "While there was a Third Amended Complaint for a Civil Case attached to the Notice of Service of Process, there was no summons." (Id. at 2).

Attached to the affidavit is a copy of the documents served on Demosthene. They include only the Chief Financial Officer's Notice of Service of Process, a copy of the Third Amended Complaint, and a copy of a letter Holliday sent to the Florida Department of Financial Services listing the documents he had enclosed for service. (Id. at 3-16). Holliday's letter to the Department of Financial Services does not list a summons as one of the enclosed documents, though it states that the copies of the Third Amended Complaint "bear[] the United States District Court Seal for service." (Id. at 15-16).

A review of the docket reveals that a summons for "Syndicate 3000 at Lloyd's, London" was issued on August 29, 2017, back when the original Complaint was the operative

complaint. (Doc. # 2). But in the months between the issuance of the first summons and the filing and service of the Third Amended Complaint, no further summonses were issued. Only after Markel Syndicate 3000 filed its Motion based on the lack of summons did Holliday apply for issuance of another summons on April 30, 2018. (Doc. # 43). Thus, the only way Holliday could have properly served Markel Syndicate 3000 would be if he had included the August of 2017 summons with the Third Amended Complaint that was served on the law firm designated as Markel Syndicate 3000's agent. And Markel Syndicate 3000 has presented evidence that that did not happen.

In his response, Holliday states that when he served Markel Syndicate 3000 through the Florida Department of Financial Services he "believes [there] was in fact a Summons." (Doc. # 47 at 2). He goes on:

> Following a review of the requirements of Fed. R. of Civil Procedure, Rule 4 plaintiff did cause to be issued in accordance with the stated provisions of Rule 12(b) a Summons to be issued by the Clerk of the Court and which was served upon all parties consisting of Lloyds, London at Mended and Mount in New York, Syndicate 3000 Management Company LLC, 40 Leadenhall Street, London, UK, by USPS Certified Mail thereby making Defense complaint moot and not valid inasmuch as the Rule 12 permits the Plaintiff an opportunity to be in compliance due to a possible excusable error.

9

(Id.). So, Holliday does not actually assert that he served the old August of 2017 summons along with the Third Amended Complaint and he presents no evidence to that effect. Rather, Holliday references the subsequent service of the summons issued on April 30, 2018. But that summons was not served with the Third Amended Complaint and was issued and served after the service deadline of April 23, 2018.

Therefore, because Holliday failed to timely serve Markel Syndicate 3000 with a copy of the summons and Third Amended Complaint, this Court lacks jurisdiction over Markel Syndicate 3000. Pardazi, 896 F.2d at 1317. Furthermore, the time to serve Markel Syndicate 3000 expired on April 23, 2018, so Holliday cannot timely cure the insufficient service. (Doc. # 39). Therefore, the case is dismissed pursuant to Rule 12(b)(5) and Rule 4(m). See Pelmore v. Pinestate Mortg. Corp., No. CIV.A.109-CV-2313TWT, 2010 WL 520767, at *3 (N.D. Ga. Feb. 8, 2010)("Defendants assert, and Plaintiff does not deny, that no summonses were attached to the copies of the complaint that they received by mail. Accordingly, Plaintiff's complaint would be subject to dismissal for this reason as well."). The Court need not address Markel Syndicate 3000's statute of limitations argument under Rule 12(b)(6).

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendant Markel Syndicate 3000's Motion to Dismiss the Third Amended Complaint (Doc. # 42) is **GRANTED**.

(2) This case is dismissed without prejudice for insufficient service of process.

(3) The Clerk is directed to terminate all pending motions and deadlines, and thereafter **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of May, 2018.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE