UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLYDE J. HOLLIDAY, III,

    Plaintiff,

v.                                Case No.: 8:17-cv-2063-T-33AEP

SYNDICATE 3000 at LLOYD'S,
UNDERWRITERS AT, LONDON,
and their appointees, assigns,
and affiliates,

    Defendant.
_____/

### ORDER

This matter comes before the Court pursuant to Pro se Plaintiff Clyde J. Holliday, III's Motion for Reconsideration (Doc. # 49), filed on May 24, 2018. For the reasons that follow, the Motion is denied.

### I.    Legal Standard

When, as here, a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680

1

(11th Cir. 2014)(quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012)(citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## II. Discussion

A full review of the facts of this case is unnecessary. The Court granted Markel Syndicate 3000's Motion to Dismiss the Third Amended Complaint and dismissed this case without prejudice on May 15, 2018. (Doc. # 48). The Court dismissed the case for insufficient service of process because Holliday failed to properly serve Markel Syndicate 3000 with a summons along with a copy of the Third Amended Complaint by the service deadline of April 23, 2018. (Id. at 10).

In that Order, the Court noted that it had previously "reminded Holliday of his responsibility to properly serve Syndicate 3000 in the manner prescribed by Federal Rule of

2

Civil Procedure 4." (Doc. # 48 at 4). Indeed, in a previous Order from April 2, 2018, the Court had extended the service deadline to April 23 and advised "Holliday to familiarize himself with the service requirements of Rule 4." (Doc. # 39). The Court had also warned Holliday: "Further extensions will not be granted and failure to properly serve Defendant and file proof of service by April 23 will result in dismissal of this action." (Id.).

Now Holliday argues that the Court should reconsider its Order dismissing the case without prejudice. (Doc. # 49). He makes numerous arguments about various errors he believes the Court has made and misrepresentations he believes Markel Syndicate 3000 has made. Because the Court dismissed the case for insufficient service of process, the Court need only address Holliday's argument that service was properly affected.

Regarding service, Holliday states:

> Plaintiff did in fact, as a result of its Pro Se status believe that when Service of Process was performed upon the Defendant, both in New York, City and London, UK that (a) the State as Agent for the Defendant under Statute was in fact a Summons issued by the State of Florida in accordance with State of Florida statutes governing "Service of Process" and (b) that as the name of the Defendant continued as Underwriters at Lloyds, London, again being named as the Defendant pursuant to the specific orders of the Florida Department of

3

> Financial Services, there was factually NO name
> change and that an additional Service of Process 6,
> 2018, 17 days in advance of the Court's stipulated
> date of April 23, 2018 indicating there is NO
> violation of the part of the Pro Se Plaintiff, and
> that further any minimal delay in posting the
> Summons as issued by the Clerk of the Court, would
> have posed "No Harm To The Defendant" and would
> fall under the provision of Fed Rule 61 as Harmless
> Error for which Plaintiff believes he is entitled
> to relief.

(Doc. # 49 at 2). He neither argues nor presents evidence that Markel Syndicate was actually served with a true summons on April 6, 2018, when it was first served with the Third Amended Complaint. Instead, he insists his error in believing service performed by Florida's Department of Financial Services trumped the need for a summons issued by the Clerk of this Court was harmless and should be ignored.

This argument does not warrant reconsideration of the Court's prior Order. Holliday had previously obtained a summons from the Clerk in August of 2017, when he filed his original Complaint. (Doc. # 2). So, he knew that summonses are obtained from the Clerk of the Middle District of Florida — not from Florida's Department of Financial Services. The Court had advised Holliday on the requirements of service of process and emphasized that Holliday would be required to follow all the dictates of Rule 4. (Doc. ## 5, 8, 10, 37, 39). That includes Rule 4's requirement that a summons —

signed by the Clerk and bearing the Court's seal — be served with a complaint. Fed. R. Civ. P. 4(a)-(c)(1). Rule 4(m) specifies that, if a defendant is not properly served within the time limit for service, "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court had warned Holliday that failure to properly serve by the April 23 deadline would result in dismissal and the Court was not required to grant Holliday yet another extension of time to properly serve Markel Syndicate 3000. (Doc. # 39).

Holliday also emphasizes the second affidavit of Barbara Demosthenes, the attorney who accepted service on behalf of Markel Syndicate 3000 on both April 6, 2018, and May 3, 2018. (Doc. # 49 at 2). In that second affidavit filed on May 9, 2018, Demosthenes avers that she received a summons and copy of the Third Amended Complaint on May 3, 2018. (Doc. # 45-1). Therefore, Holliday argues Markel Syndicate 3000 has been properly served with a summons.

Holliday is incorrect that the subsequent service of a summons and the Third Amended Complaint on May 3, 2018, cures the prior defective service of process. That later service

5

was untimely. The Court discussed this later service in the Order dismissing the case: "Holliday references the subsequent service of the summons issued on April 30, 2018. But that summons was not served with the Third Amended Complaint and was issued and served after the service deadline of April 23, 2018." (Doc. # 48 at 10). As that Order explained, "the time to serve Markel Syndicate 3000 expired on April 23, 2018, so Holliday cannot timely cure the insufficient service." (Id.).

Therefore, dismissal of the case without prejudice was — and remains — appropriate. See Pelmore v. Pinestate Mortg. Corp., No. CIV.A.109-CV-2313TWT, 2010 WL 520767, at *3 (N.D. Ga. Feb. 8, 2010)("Defendants assert, and Plaintiff does not deny, that no summonses were attached to the copies of the complaint that they received by mail. Accordingly, Plaintiff's complaint would be subject to dismissal for this reason as well."). Holliday's Motion for Reconsideration presents no newly-discovered evidence or manifest errors of law or fact that justify reconsideration of the Court's Order of dismissal. Therefore, the Motion is denied.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Pro se Plaintiff Clyde J. Holliday, III's Motion for Reconsideration (Doc. # 49) is **DENIED**. This case remains closed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of May, 2018.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE